# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ENCORE RECEIVABLE MANAGEMENT, INC., CONVERGYS CUSTOMER MANAGEMENT GROUP INC., | : : : : | No.: 1:12-cv-297 |
| Plaintiffs, | : | **COMPLAINT** |
| v. | : : | |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN GUARANTEE INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, DISCOVER PROPERTY AND CASUALTY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | : : : : : : : : | **TRIAL BY JURY DEMANDED** |
| Defendants. | : : : : : | |

Encore Receivable Management, Inc. ("Encore") and Convergys Customer Management Group Inc. ("CMG") (collectively, "Plaintiffs") as and for their Complaint against ACE Property and Casualty Insurance Company ("ACE"), American Guarantee Insurance Company ("American Guarantee"), American Home Assurance Company ("American Home"), Continental Casualty Company ("Continental"), Discover Property And Casualty Insurance Company ("Discover"), Federal Insurance Company ("Federal"), and St. Paul Fire And Marine Insurance Company ("St. Paul") (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs' Complaint is for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 and breach of contract.

2. Plaintiffs seek declaratory relief and damages for the breach of contractual duties owed to Plaintiffs by their insurers under policies obligating defendants to defend and indemnify them in connection with liability potentially arising from two pending underlying claims, the *Knell* Action and the *Wheelock* Claims (collectively, the "Underlying Claims"), which allege, *inter alia*, a violation of provisions of a California statute and common law that prohibit the recording of communications without the consent of all parties to the communication.

## THE PARTIES

3. Plaintiff Encore Receivable Management, Inc. ("Encore") is a corporation organized under the laws of the State of Kansas with its principal place of business in Olathe, Kansas.

4. Plaintiff Convergys Customer Management Group Inc. ("CMG") is a corporation organized under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

5. Non-party Convergys Corporation ("Convergys") is the parent of both CCM and Encore which are each wholly owned subsidiaries of Convergys.

6. Upon information and belief, Defendant ACE Property and Casualty Insurance Company ("ACE") is an insurance company organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

7. Upon information and belief, Defendant American Guarantee Insurance Company ("American Guarantee") is an insurance company organized under the laws of the State of New York with its principal place of business in Schaumburg, Illinois.

8. Upon information and belief, Defendant American Home Assurance Company ("American Home") is an insurance company organized under the laws of the State of New York with its principal place of business in New York, New York.

9. Upon information and belief, Defendant Continental Casualty Company ("Continental") is an insurance company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

10. Upon information and belief, Defendant Discover Property And Casualty Insurance Company ("Discover") is an insurance company organized under the laws of the State of Illinois with its principal place of business in St. Paul, Minnesota.

11. Upon information and belief, Defendant Federal Insurance Company ("Federal") is an insurance company organized under the laws of the State of Indiana with its principal place of business in Warren, New Jersey.

12. Upon information and belief, Defendant St. Paul Fire And Marine Insurance Company ("St. Paul") is an insurance company organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action and because the amount of controversy exceeds $75,000, exclusive of interest and costs.

14. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

I.  Defendants' Insurance Policies

15. Convergys has paid significant premiums for layers of insurance policies issued by Defendants for the policy periods between October 1, 2005 and October 1, 2012 (the "Insurance Policies") to cover Convergys and its subsidiaries, including Encore and CMG whose core business is the operation of call centers, for claims alleging personal and

3

advertising injury arising out of the oral or written publication, in any manner, of material that violates a person's right of privacy.

16.     The Insurance Policies include three layers of policies – Primary Policies, Umbrella Policies, and Excess Policies.

17.     The Primary Policies provide insurance coverage, including a duty to defend and indemnify Plaintiffs, with respect to, *inter alia,* claims of personal and advertising injury arising out of the "[o]ral or written publication, in any manner, of material that violates a person's right of privacy."

18.     The Umbrella Policies provide insurance coverage, including a duty to defend and indemnify Plaintiffs, with respect to, *inter alia,* claims of personal and advertising injury arising out of the "[o]ral or written publication, in any manner, of material that violates a person's right of privacy" that are in excess of the limits of liability of the Primary Policies.

19.     The Umbrella Policies further provide a primary duty to defend and indemnify Plaintiff with respect to those claims which are not otherwise covered by the Primary Policies.

20.     The Excess Policies provide insurance coverage, including the payment of defense and indemnity costs, which are in excess of the applicable underlying limits of liability of the Primary Policies and Umbrella Policies.

21.     Upon information and belief, and to the extent the information currently is available to Plaintiffs, the policy number and coverage period of each Insurance Policy is shown on the attached Exhibit A, which is incorporated herein by reference.

22.     Discover and Old Republic Insurance Company ("Old Republic", together with Discover, the "Primary Insurers") issued Primary Policies to Convergys which provide coverage to Convergys and its subsidiaries, including Plaintiffs.  Discover's Primary Policies

4

were issued for the policy periods between October 1, 2005 and October 1, 2011.  Old Republic's Primary Policy was issued for the policy period between October 1, 2011 and October 1, 2012.

23.     ACE and American Home (the "Umbrella Insurers") issued Umbrella Policies to Convergys which provide coverage to Convergys and its subsidiaries, including Plaintiffs. American Home's Umbrella Policies were issued for the policy periods between October 1, 2005 and October 1, 2008.  ACE's Umbrella Policies were issued for the policy periods between October 1, 2008 and October 1, 2012.

24.     The October 1, 2009 to October 1, 2012 Primary Policies contain an endorsement which modifies coverage to exclude liability arising from the recording of information or material in violation of law (the "Recording Exclusion").

25.     The Recording Exclusion does not appear in any of the policies issued by the Umbrella Insurers, including their October 1, 2009 to October 1, 2012 Umbrella Policies.

26.     American Guarantee, Continental, Federal, and St. Paul (the "Excess Insurers") issued Excess Policies to Convergys which provide coverage to Convergys and its subsidiaries, including Plaintiffs, during the policy periods, as shown in the attached Exhibit A, with respect to claims in excess of the underlying limits of liability and which follow form to the terms of the applicable Umbrella Policy in each policy period.

II.     The Underlying Claims

        A.      The *Knell* Action

27.     The *Knell* Action is a putative class action allegedly brought pursuant to California Penal Code § 637.2 and alleging *inter alia* statutory violations, common law invasion of privacy, and negligence.

28.     The class action allegations of the *Knell* Complaint state that the action has been brought against Encore on behalf of a putative class consisting of "[a]ll persons in California whose inbound and outbound telephone conversations were monitored, recorded, eavesdropped upon and/or wiretapped without their consent by [Encore] within the four years prior to the filing of the original Complaint in this action."

29.     Upon information and belief, the *Knell* action was filed on or about February 16, 2012, naming Encore as defendant.

30.     The *Knell* Action alleges personal and advertising injury arising out of the oral or written publication of material that violates a person's right of privacy and is therefore covered under the Insurance Policies except those that contain the Recording Exclusion.

B.     The *Wheelock* Claims

31.     The *Wheelock* Action is a putative class action allegedly brought pursuant to California Penal Code § 637.2.

32.     Upon information and belief, Hyundai was first served in the *Wheelock* Action on or about November 17, 2011 and was served with the *Wheelock* Amended Complaint on or about March 15, 2012.

33.     The class action allegations of the *Wheelock* Amended Complaint state that the action has been brought against Hyundai Motor America ("Hyundai"), along with DOES 1 through 10, on behalf of a putative class consisting of "[a]ll persons located in California who, at any time during the applicable limitations period preceding the filing of this complaint through the date of resolution, participated in a telephone conversation with Hyundai customer service using a cellular or cordless telephone and whose calls with Hyundai customer service were recorded by Defendants without notice."

34.     Pursuant to an agreement effective January 1, 2009 (the "Agreement"), CMG provided call center services to Hyundai, including but not limited to the recording of certain calls for quality control purposes, from on or around January 1, 2006 to in or around March 2012.  In the Agreements, the parties each agreed to defend, indemnify and hold each other harmless to the extent held liable for certain alleged wrongful acts or omissions of the other.

35.     On or about November 23, 2011, Hyundai demanded that CMG defend, indemnify and hold Hyundai harmless, and assume Hyundai's defense of the *Wheelock* action pursuant to the Agreement (the "Hyundai Demand").

36.     Upon information and belief, Hyundai asserted the Hyundai Demand because CMG provided call center services to Hyundai including but not limited to the recording of certain calls for quality control purposes, from on or around January 1, 2006 to in or around December 2011 and therefore the *Wheelock* Amended Complaint and Hyundai Demand (collectively, the "*Wheelock* Claims") fall within the coverage period of the Insurance Policies.

37.     The *Wheelock* Claims allege personal and advertising injury arising out of the oral or written publication of material that violates a person's right of privacy and are therefore covered under the Insurance Policies, except for those that contain the Recording Exclusion.

III.    Plaintiffs Have Fulfilled All Of Their Duties And Obligations Under The Insurance Policies, But Defendants Have Failed To Accept Coverage For Both the *Knell* Action and *Wheelock* Claims

38.     Plaintiffs have fulfilled all of their duties, conditions, and prerequisites to coverage under each of the applicable Insurance Policies with respect to the Underlying Claims.

39.     Plaintiffs timely notified Defendants of the Underlying Claims and at all times have cooperated with Defendants' reasonable requests related to the Underlying Claims.

40.     Defendants have failed to acknowledge their obligations to defend, pay defense costs, and/or indemnify Plaintiffs in connection with the Underlying Claims.

7

41. On March 23, 2012, ACE specifically denied its coverage obligations with respect to the *Wheelock* Claims and has not acknowledged coverage for the *Knell* Action.

42. Discover has not acknowledged coverage for the *Knell* Action or the *Wheelock* Claims.

43. As a result of the Underlying Claims, Plaintiffs have incurred and continue to incur considerable legal fees and expenses.

44. To date, however, the Defendants have failed to defend or pay Plaintiffs any amount of funds under the Insurance Policies in connection with the Underlying Claims.

45. By failing to acknowledge their coverage obligations to Plaintiffs in connection with the Underlying Claims, Defendants have breached their contractual obligations to Plaintiffs. Consequently, an actual and justiciable claim exists as to the Defendants named in this action.

## FIRST CAUSE OF ACTION

(Anticipatory Breach of Contract Against ACE – Duty to Defend the *Knell* Action)

46. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Because the Recording Exclusion in the October 1, 2009 to October 1, 2012 Primary Policies does not appear in, or limit coverage under the ACE Umbrella Policies, ACE has a primary duty to defend the *Knell* Action claims under its October 1, 2009 to October 1, 2012 Umbrella Policies.

48. Pursuant to the terms of its Umbrella Policies, to the extent that the *Knell* Action are not covered under the Discover and Old Republic Primary Policies due to the Recording Exclusion, ACE is obligated, pursuant to the terms of its October 1, 2009 to October 1, 2012 Umbrella Policies, to defend Encore, and to pay Encore for and/or to pay on Encore's behalf, all

costs of defense of the *Knell* Action until it has paid the applicable liability limits of its Umbrella Policies for judgments and settlements.

49.     Upon information and belief, ACE will dispute and/or reserve its rights to dispute its obligation to pay sums that Encore becomes legally obligated to pay through judgment, settlement or otherwise arising out of the *Knell* Action as well the costs of defense of the *Knell* Action.

50.     Encore has complied with all terms conditions and prerequisites to coverage set forth in the ACE Umbrella Policies and remains ready to perform all of its obligations under the ACE Umbrella Policies.

51.     As a result of ACE's anticipatory breach of its obligations under its Umbrella Policies, Encore has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

(Breach of Contract Against ACE– Defense of the *Wheelock* Claims)

52.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.     Because the Recording Exclusion in the October 1, 2009 to October 1, 2012 Primary Policies that does not appear in, or limit coverage under the ACE Umbrella Policies, ACE has a primary duty to defend the *Wheelock* Claims under its October 1, 2009 to October 1, 2012 Umbrella Policies.

54.     Pursuant to the terms of its Umbrella Policies, to the extent that the *Wheelock* Claims are not covered under the Discover and Old Republic Primary Policies due to the Recording Exclusion, ACE is obligated, pursuant to the terms of its October 1, 2009 to October 1, 2012 Umbrella Policies, to defend CMG, and to pay CMG for and/or to pay on CMG's behalf, all costs of defense of the *Wheelock* Claims until it has paid the applicable liability limits of its Umbrella Policies for judgments and settlements.

9

55. CMG has complied with all terms conditions and prerequisites to coverage set forth in the ACE Umbrella Policies and remains ready to perform all of its obligations under the ACE Umbrella Policies.

56. On March 23, 2012, ACE specifically denied its coverage obligations with respect to the *Wheelock* claims.

57. As a result of the ACE's breach of its obligations under its Umbrella Policies, CMG has suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

(Declaratory Relief Against ACE, American Home, Continental, Discover, St. Paul – Duty To Defend and/or Pay Defense Costs – *Knell* Action)

58. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 57 of this Complaint, as if fully set forth herein.

59. An actual and justiciable controversy exists between Encore and ACE, American Home, Continental, Discover, and St. Paul regarding the existence, scope, and breach of their obligations to Encore under their October 1, 2007 to October 1, 2012 Insurance Policies with respect to the *Knell* Action.

60. Pursuant to 28 U.S.C. §§ 2201-2202, the Court should enter a declaratory judgment determining the parties' rights, duties and obligations under the October 1, 2007 to October 1, 2012 Insurance Policies with respect to the *Knell* Action.

61. Pursuant to the terms of their Insurance Policies, ACE, American Home, Continental, Discover, and St. Paul are each obligated, upon the attachment of their individual Insurance Policies, to defend Convergys, pay Convergys for, and/or to pay on Convergys' behalf, all costs of defense of the *Knell* Action subject to the limits of liability applicable to that obligation as set forth in the individual Insurance Policies.

62.     Upon information and belief, ACE, American Home, Continental, Discover, and St. Paul dispute their legal obligations to defend and/or pay for the costs of the defense of the *Knell* Action.

63.     An actual controversy of a justiciable nature presently exists between Encore and ACE, American Home, Continental, Discover, and St. Paul concerning the proper construction of the October 1, 2007 to October 1, 2012 Insurance Policies, and the rights and obligations of the parties thereto, with respect to the duty to defend and/or to pay the costs of defense of the *Knell* Action.

64.     The issuance of declaratory relief by this Court will terminate the existing controversy among the parties.

## FOURTH CAUSE OF ACTION

(Declaratory Relief Against All Defendants – Duty To Defend and/or Pay Defense Costs –
*Wheelock* Claims)

65.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 64 of this Complaint, as if fully set forth herein.

66.     An actual and justiciable controversy exists between CMG and the Defendants regarding the existence, scope, and breach of Defendants' obligations to CMG under the Insurance Policies with respect to the *Wheelock* Claims.

67.     Pursuant to 28 U.S.C. §§ 2201-2202, the Court should enter a declaratory judgment determining the parties' rights, duties and obligations under the Insurance Policies with respect to the *Wheelock* Claims.

68.     Pursuant to the terms of their Insurance Policies, each Defendant is obligated, upon the attachment of their individual Insurance Policies, to defend CMG, pay CMG for, and/or to pay

on CMG's behalf, all costs of defense of the *Wheelock* Claims subject to the limits of liability applicable to that obligation as set forth in the individual Insurance Policies.

69.     Upon information and belief, Defendants dispute their legal obligations to defend and/or pay for the costs of the defense of the *Wheelock* Claims.

70.     An actual controversy of a justiciable nature presently exists between CMG and the Defendants concerning the proper construction of the Insurance Policies, and the rights and obligations of the parties thereto, with respect to the duty to defend and/or to pay the costs of defense of the *Wheelock* Claims.

71.     The issuance of declaratory relief by this Court will terminate the existing controversy among the parties.

## FIFTH CAUSE OF ACTION

(Declaratory Relief Against ACE, American Home, Continental, Discover, St. Paul – Duty To Indemnify – *Knell* Action)

72.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 71 of this Complaint, as if fully set forth herein.

73.     An actual and justiciable controversy exists between Encore and ACE, American Home, Continental, Discover, and St. Paul regarding the existence, scope, and breach of their obligations to Encore under their October 1, 2007 to October 1, 2012 Insurance Policies with respect to the *Knell* Action.

74.     Pursuant to 28 U.S.C. §§ 2201-2202, the Court should enter a declaratory judgment determining the parties' rights, duties and obligations under the October 1, 2007 to October 1, 2012 Insurance Policies.

75.     Pursuant to the terms of their Insurance Policies, ACE, American Home, Continental, Discover, and St. Paul are each obligated, upon the attachment of their individual

October 1, 2007 to October 1, 2012 Insurance Policies, to pay Encore for, and/or to pay on Encore's behalf, all sums that Encore becomes legally obligated to pay, through judgment, settlement or otherwise, arising out of the *Knell* Action, up to the applicable liability limits of those Insurance Policies.

76.     Upon information and belief, ACE, American Home, Continental, Discover, and St. Paul dispute their legal obligations to indemnify Encore, up to the applicable liability limits of their October 1, 2007 to October 1, 2012 Insurance Policies, for the sums that Encore may be legally obligated to pay as a result of the *Knell* Action.

77.     An actual controversy of a justiciable nature presently exists between Encore and ACE, American Home, Continental, Discover, and St. Paul concerning the proper construction of their October 1, 2007 to October 1, 2012 Insurance Policies, and the rights and obligations of the parties thereto, with respect to any judgment or settlement of the *Knell* Action.

78.     The issuance of declaratory relief by this Court will terminate the existing controversy among the parties.

## SIXTH CAUSE OF ACTION

(Declaratory Relief Against All Defendants – Duty To Indemnify – *Wheelock* Claims)

79.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 78 of this Complaint, as if fully set forth herein.

80.     An actual and justiciable controversy exists between CMG and the Defendants regarding the existence, scope, and breach of Defendants obligations to CMG under the Insurance Policies with respect to the *Wheelock* Claims.

81.     Pursuant to 28 U.S.C. §§ 2201-2202, the Court should enter a declaratory judgment determining the parties' rights, duties and obligations under the Insurance Policies.

82.     Pursuant to the terms of their Insurance Policies, each Defendant is obligated, upon the attachment of their individual Insurance Policies, to pay CMG for, and/or to pay on CMG's behalf, all sums that CMG becomes legally obligated to pay, through judgment, settlement or otherwise, arising out of the *Wheelock* Claims, up to the applicable liability limits of those Insurance Policies.

83.     Upon information and belief, Defendants dispute their legal obligations to indemnify CMG, up to the applicable liability limits of the Insurance Policies, for the sums that CMG may be legally obligated to pay as a result of the *Wheelock* Claims.

84.     An actual controversy of a justiciable nature presently exists between CMG and Defendants concerning the proper construction of the Insurance Policies, and the rights and obligations of the parties thereto, with respect to any judgment or settlement of the *Wheelock* Claims.

85.     The issuance of declaratory relief by this Court will terminate the existing controversy among the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

(a)     On the First Cause of Action, Plaintiffs request that the Court enter judgment against Defendant ACE, awarding Encore damages in an amount to be determined at trial;

(b)     On the Second Cause of Action, Plaintiffs request that the Court enter judgment against Defendant ACE, awarding CMG damages in an amount to be determined at trial;

(c)     On the Third Cause of Action, Plaintiffs request that the Court enter a declaratory judgment in favor of Encore and against Defendants ACE, American Home, Continental, Discover, and St. Paul, declaring that each of those defendants is jointly and

severally obligated, upon the attachment of its individual October 1, 2007 to October 1, 2012 Insurance Policies, to defend Encore, and to pay Encore for and/or to pay on Encore's behalf, all costs of defense of the *Knell* Action until they have each paid the applicable limits of their October 1, 2007 to October 1, 2012  Insurance Policies for judgments and settlements;

(d)     On the Fourth Cause of Action, Plaintiffs request that the Court enter a declaratory judgment in favor of CMG and against each Defendant, declaring that each Defendant is jointly and severally obligated, upon the attachment of its Insurance Policies, to defend CMG, and to pay CMG for and/or to pay on CMG's behalf, all costs of defense of the *Wheelock* Claims until they have each paid the applicable liability limits of their Insurance Policies for judgments and settlements;

(e)     On the Fifth Cause of Action, Plaintiffs request that the Court enter a declaratory judgment in favor of Encore and against Defendants ACE, American Home, Continental, Discover, and, St. Paul, declaring that they are each jointly and severally obligated to indemnify Encore, upon the attachment of its individual October 1, 2007 to October 1, 2012 Insurance Policies and up to the applicable liability limits of its individual October 1, 2007 to October 1, 2012 Insurance Policies, up to the applicable liability limits of those Insurance Policies, for any judgments and/or settlements attributable to the *Knell* Action;

(f)     On the Sixth Cause of Action, Plaintiffs request that the Court enter a declaratory judgment in favor of CMG and against each Defendant, declaring that each Defendant is jointly and severally obligated to indemnify CMG upon the attachment of its individual Insurance Policies, up to the applicable liability limits of their Insurance Policies, for any judgments and/or settlements attributable to *Wheelock* Claims;

(g)     On all Causes of Action, Plaintiffs request that this Court enter a judgment in favor of Plaintiffs and against Defendants jointly and severally for all costs incurred in bringing this action, including attorneys' fees, and pre-judgment and post-judgment interest to the extent permitted by law; and

(h)     Additionally, Plaintiffs request such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  April 12, 2012               Respectfully submitted,


By:    */s/ James E. Arnold*          
     James E. Arnold, Trial Attorney (0037712)

JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., Fourth Floor
Columbus, Ohio  43215
Telephone:    (614) 460-1600
Facsimile:     (614) 469-1066
Email:         jarnold@arnlaw.com

*Attorneys for Plaintiffs*
*Convergys Customer Management Group, Inc. and*
*Encore Receivable Management, Inc.*


Of Counsel:

Robin Cohen
Adam Ziffer
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, NY  10019
(212) 506-1770