UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ENCORE RECEIVABLES
MANAGEMENT, INC., et al.,

       Plaintiffs

v.                                              Case No. 1:12-cv-297-HJW

ACE PROPERTY AND CASUALTY
INSURANCE CO., et al,

       Defendants

## ORDER

In this diversity action, plaintiffs Encore Receivable Management, Inc. ("Encore") and Convergys Customer Management Group, Inc. ("CMG") seek damages and declaratory relief against seven defendant insurance companies for the alleged breach of their duty to defend and/or indemnify the plaintiffs in connection with two class-action lawsuits in California.

Pending are five related motions (doc. nos. 46, 66, 78, 79, and 80), specifically: 1) the "Motion to Dismiss For Failure to State a Claim" (doc. no. 46) by defendant Ace Property and Casualty Insurance Company ("ACE"); 2) the plaintiffs' joint "Cross-Motion for Partial Summary Judgment Against Defendant ACE" (doc. no. 66); 3) the "Motion for Judgment on the Pleadings With Respect to Counts III, IV, V, and VI" (doc. no. 78) by defendant Continental Casualty Company ("Continental"); 4) the "Motion for Judgment on the Pleadings" (doc. no. 79) by

1

defendant Federal Insurance Company ("FIC"); and 5) the "Joint Motion for Judgment on the Pleadings" (doc. no. 80) by defendants St. Paul Fire and Marine Insurance Company ("St. Paul") and the Discover Property and Casualty Insurance Company ("Discover").

In conjunction with their combined brief in opposition and partial Rule 56 motion (doc. no. 66), plaintiffs have filed various affidavits (doc. nos. 67-70, 72). Plaintiffs also filed proposed findings of fact and conclusions of law (doc. no. 71), which ACE has high-lighted as true, false, or irrelevant (doc. no. 83). Having fully considered the record, including the pleadings, the parties' briefs, exhibits, proposed findings, and applicable authority, the Court will deny the Rule 12 motions and set the Rule 56 motion for hearing for the following reasons:

I. Factual Allegations and Procedural History

Plaintiffs filed the present federal complaint with jury demand on April 12, 2012, seeking monetary damages and declaratory relief for the alleged breach of contractual duties owed them by the defendant insurers.

According to the complaint, Convergys bought insurance for the period October 1, 2005 to October 1, 2012, to cover Convergys and its subsidiaries, including Encore and CMG, "for claims alleging personal and advertising injury arising out of the . . . publication, in any manner, of material that violates a person's right of privacy" (doc. no. 1 at ¶ 1). Convergys bought primary, umbrella, and excess insurance coverage from the respective defendants (¶¶ 16-20). Plaintiffs attach to their complaint a list of the policies, insurers, and policy

periods (Ex. A). For claims not covered by the primary policies, the umbrella policies provided the primary duty to defend (¶ 19).

Primary policies were issued by Discover for October 1, 2005 to October 1, 2011, and by Old Republic Insurance Company ("Old Republic") for October 1, 2011 to October 1, 2012 (¶ 22). The 2009-2012 primary policies contained an endorsement (the "Recording Exclusion") which modified coverage "to exclude liability arising from the recording of information or material in violation of law" (¶ 24). Umbrella policies were issued by American Home for October 1, 2005 to October 1, 2008, and by ACE for October 1, 2008 to October 1, 2012 (¶ 23). The umbrella policies did not have a "Recording Exclusion" (¶ 25). Excess policies were issued by American Guarantee, Continental, Federal, and St. Paul to Convergys for coverage of Convergys and its subsidiaries, including the plaintiffs Encore and CMG (¶ 26).

On February 16, 2012, a class action (the "Knell" action) was initiated in California against Encore for allegedly recording customer telephone calls without notice. The Knell action alleges violation of California Penal Code § 637.2, common law invasion of privacy, negligence, and "statutory violation" (i.e., violation of the California Business and Professional Code) (¶¶ 27-29). Similarly, a second class action (the "Wheelock" action) was initiated against CMG's client, Hyundai Motor Corp. ("Hyundai") and "John Does" for allegedly recording customer telephone calls without notice in violation of Cal. P.C. § 637.2 (¶¶ 31-33). Under a 2009 agreement, Hyundai and CMG (which provided call center services to Hyundai)

3

"agreed to defend, indemnify, and hold each other harmless to the extent held liable for certain alleged wrongful acts or omissions of the other" (¶ 34). Hyundai has demanded that CMG assume the defense of the Wheelock action pursuant to the terms of this 2009 agreement (¶¶ 35-36).

In their complaint, the plaintiffs contend they timely notified the insurance company defendants and have fulfilled all their duties under the insurance policies (¶ 38). Plaintiffs allege that the defendants have not acknowledged insurance coverage, have failed to defend them in the *Knell* and *Wheelock* actions, and have not indemnified plaintiffs in connection with those actions (¶¶ 39-44).

Plaintiffs seek: 1) damages for anticipatory breach of contract regarding ACE's alleged duty to defend Encore in the *Knell* action; 2) damages for breach of contract regarding ACE's alleged duty to defend CMG against the *Wheelock* claims; 3) a declaration that ACE, American Home, Continental, Discover, and St. Paul have a <u>duty to defend Encore</u> and/or pay Encore's defense costs in the *Knell* action; 4) a declaration that all seven defendants have a <u>duty to defend CMG</u> and/or pay CMG's defense costs regarding the *Wheelock* claims; 5) a declaration that ACE, American Home, Continental, Discover, and St. Paul have a <u>duty to indemnify Encore</u> with respect to any judgment or settlement in the *Knell* action; and 6) a declaration that all of the defendants have a <u>duty to indemnify CMG</u> for any judgment and/or settlement regarding the *Wheelock* claims.

The seven defendants answered (doc. nos. 45, 49-51, 54, 61, 95) and filed various motions to dismiss and/or for judgment on the pleadings (doc. nos. 46, 78,

4

79, and 80). Plaintiffs responded and asserted a motion for partial summary judgment against ACE in their brief (doc. no. 66). Two defendants, Discover and St. Paul, asserted "counter-claims" for declaratory relief, asking the Court to declare that "there is no coverage" for plaintiffs under their respective policies in connection with the Knell and Wheelock actions (doc. nos. 49, 50).

The parties' motions (doc. nos. 46, 66, 78, 79, and 80) have been fully briefed and are ripe for consideration.

II. Standard of Review

Because Ace filed an answer, its motion to dismiss under Rule 12(b)(6) will be construed as brought under Rule 12(c). The legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same. See Lindsay v. Yates, 498 F.3d 434, 437 (6th Cir. (Ohio) 2007); EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001); Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).

Motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted test the sufficiency of a complaint, and the first step is to identify any conclusory allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the court must accept well pled factual allegations of the

5

complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic, 550 U.S. at 555.

### III. Discussion

In its motion to dismiss, ACE disputes coverage under the "ACE Commercial Umbrella Liability Policy" issued to each plaintiff and contends that it has no duty to defend or indemnify the plaintiffs regarding either California action. ACE attaches the insurance policies (doc. no. 46, Ex. A), the pleadings from the Wheelock and Knell actions (Exs. B-D), and some case law (Ex. E). ACE contends that the Wheelock action does not allege a "personal and advertising injury" because there are no "allegations" of publication, that the California actions are excluded from coverage under the ACE policy exclusions for "Unsolicited Communications" and "Criminal Acts," and that ACE's duty to defend has not been triggered because the plaintiffs have not exhausted their self-insured retention through payment of loss.

Plaintiffs Encore and CMG filed a brief in opposition and moved for partial summary judgment regarding ACE's duty to defend and/or indemnify them. Plaintiffs contend that the underlying California actions allege "personal and advertising injury," that CMG disclosed the recordings at issue to third parties (i.e. for quality assurance and training purposes, thereby "publishing" them), and that coverage under the ACE policies is not subject to any exclusions or self-insured retention (doc. no. 66 at 7). Plaintiffs rely on the pleadings from the California

actions and the affidavits of three individuals.

The remaining insurers (Continental, Federal, Discover, and St. Paul) have asserted separate motions for judgment on the pleadings (doc. no. 78-80). Like ACE, they argue that the California actions do not assert a "personal and advertising injury" because the California actions merely allege that the customers' telephone calls were recorded without notice, not that the calls were "published" in any way (doc. nos. 78 at 3; 79 at 1-2; 80 at 21-25).[1] They also argue that the policy exclusions for "Unsolicited Communications" and/or "Criminal Acts" bar coverage for both California actions.

The Court finds that the plaintiffs' complaint meets the minimal pleading requirements necessary to state "plausible claims" for which relief may be granted. Given the inter-relationship of the layers of primary, umbrella, and excess insurance in this case, resolution of the pending motion for summary judgment regarding the umbrella coverage provided by ACE may clarify the obligations of the other insurers as well. As oral argument will be helpful to the Court in determining the motion for summary judgment, the Court will schedule a hearing at which all the parties, including the excess insurers, may present (or join) relevant arguments in this matter.

Accordingly, the Court will **DENY** the "Motion to Dismiss For Failure to State a Claim" (doc. no. 46), the "Motion for Judgment on the Pleadings With Respect to Counts III, IV, V, and VI" (doc. no. 78), the "Motion for Judgment on the Pleadings"

---

[1] Continental indicates it does not assert the "exhaustion" argument regarding self-insured retention asserted by ACE (doc. no. 78 at 4, fn.3).

7

(doc. no. 79), and the "Joint Motion for Judgment on the Pleadings" (doc. no. 80); the plaintiffs' joint "Cross-Motion for Partial Summary Judgment Against Defendant ACE" (doc. no. 66) shall be set for hearing by separate order; this case shall proceed as scheduled.

  IT IS SO ORDERED.

               <u>s/Herman J. Weber</u>
               **Herman J. Weber, Senior Judge**
               **United States District Court**